UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Guillermo Ruiz,                          :
                                         :
          Plaintiff,                     :
     v.                                  :      Civil Action No. 08-1968 (CKK)
                                         :
United States Department                 :
of Justice *et al.*,                     :
                                         :
          Defendants.                    :

MEMORANDUM OPINION

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C.§ 552, plaintiff, proceeding *pro se*, challenges the Department of Justice's Executive Office for United States Attorney's ("EOUSA") response to his request for bond records. Defendant moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and for summary judgment under Rule 56. Based on the parties' submissions and the entire record, the Court, relying on matters beyond the pleadings, will grant defendant's motion for summary judgment.

I.  BACKGROUND

By letter of July 19, 2007, plaintiff sought "disclosure of criminal bonds, bonding, bid bond, performance bonds, payment bond and Miller Act reinsurance bonds held by Autotris/Cusip . . . and other government agencies." Compl. Ex. 1. By letter dated August 21, 2007, EOUSA acknowledged receipt of plaintiff's request for "Self (bonds only)/FLS [Southern District of Florida]." Def.'s Mot., Decl. of Dione Jackson Stearns ("Stearns' Decl."), Ex. D. By letter of August 27, 2007, plaintiff, "to try to reduce fees," revised his request to "All Bid Bond, Rerformance [sic] Bond, Payment Bond, Miller Act Reinsurance Bonds Held by Government Agencies, Held by Cusip Number #248458589-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, Case #  97-00099-CR." *Id*., Ex. E.

at 2.  On March 5, 2008, EOUSA received six pages of records pertaining to plaintiff from the United States Attorney's Office in the Southern District of Florida, but determined that they were not responsive to plaintiff's request.[1]  Sterns Decl. ¶¶ 12-13.  EOUSA informed plaintiff by letter of March 13, 2008, that its search conducted in the Southern District of Florida located no responsive records.  *Id.*, Ex. F.

Plaintiff appealed to the Office of Information and Privacy ("OIP"), which determined that the aforementioned six pages were responsive and remanded plaintiff's request to EOUSA for processing of those pages.  *Id.* ¶¶ 14-16.  EOUSA, in turn, released the six pages to plaintiff in their entirety by letter dated August 8, 2008.  *Id.*, Ex. J.  Plaintiff filed this civil action on November 17, 2008.  By letter dated January 21, 2009, EOUSA released "as a matter of discretion" an additional five pages in their entirety, described as "the Order on Sentencing."  *Id.*, Ex. K.

## II.  LEGAL STANDARD

Summary judgment is appropriate upon a showing that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The FOIA requires a federal agency to release all records responsive to a properly submitted request except those protected from disclosure by one or more of nine enumerated

---

[1] EOUSA processes FOIA requests for the nation's 94 United States Attorney's offices.  *See* Sterns Decl. ¶ 1.

exemptions. *See* 5 U.S.C. § 552(b). The agency's disclosure obligations are triggered by its receipt of a request that "reasonably describes [the requested] records" and "is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). The FOIA authorizes the court only "to enjoin [a federal] agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Thus, the elements of a FOIA claim are (1) improperly (2) withheld (3) agency records. "Judicial authority to devise remedies and enjoin agencies can only be invoked under the jurisdictional grant conferred by [5 U.S.C.] § 552 [(a)(4)(B)], if the agency has contravened all three components of this obligation." *Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 150 (1980).

In a FOIA case, the Court may award summary judgment to an agency solely on the information provided in affidavits or declarations when they describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). In opposing a summary judgment motion, plaintiff may not "replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit," *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990), but rather must "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

III. DISCUSSION

Plaintiff claims that defendant committed fraud by initially providing a "no records"

3

response to his request but then later releasing records.  *See generally* Pl.'s Opp'n [Dkt. No. 23].[2]

But "however fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform." *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982); *see Boyd v. Criminal Div. of U.S. Dep't. of Justice*, 475 F.3d 381, 388 (D.C. Cir. 2007) ("[B]ecause the report was located in the work file and subsequently disclosed, the issue is moot for purposes of this FOIA action.") (citing *Perry*). Moreover, such delay, without more, cannot support a finding of agency bad faith because agency declarations are accorded "a presumption of good faith. . . . ," *Long v. U.S. Dep't of Justice*, 450 F. Supp.2d 42, 54 (D.D.C. 2006) (citation and internal quotation marks omitted), which plaintiff must rebut by providing "evidence sufficient to put the Agency's good faith into doubt." *Ground Saucer Watch, Inc. v. C.I.A.*, 692 F.2d 770, 771 (D.C. Cir. 1981).  However, "initial delays in responding to a FOIA request are rarely, if ever, grounds for discrediting later affidavits by the agency." *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) (citations omitted).  The record demonstrates EOUSA's good faith in releasing not only the six pages of records OIP determined to be responsive but the additional five-page "Order On Sentencing" Sterns Decl., Ex. K., notwithstanding its disagreement with OIP's interpretation of the records as responsive to plaintiff's request for specific bond information.[3]  Sterns Decl. ¶ 18.

---

[2]  Captioned "Plaintiff's Response to Defendant's Motion to Dismiss and for Summary Judgment and for the Court to Dismiss Defendant's Present Motion for Bringing a False Fraudulent Claim Against Plaintiff Pursuant to Fed. R. Civ. P. 9(B) and Title 31 USCS Section 3729(a)(7)."

[3]  The initial six pages consisted of "Plaintiff's a five[-]page letter to the Court dated June 26, 2006 and the Court's one[-]page order dated July 13, 2006." Stearns Decl. ¶ 13.  The fifth page of the Order on Sentencing is captioned "Bond Recommendation." *Id.*, Ex. K.

To the extent that plaintiff is also challenging defendant's search for records, *see* Pl.'s Opp'n, Affidavit of Truth ¶¶ 6, 14, the Court is satisfied from Stearns' description of the files searched and the search methods employed, Stearns Decl. ¶¶ 20-21 & Ex. L (Declaration of Carole M. Fernandez), that defendant performed a search reasonably calculated to locate all responsive records. *See Weisberg v. U.S. Dep't. of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983) (in demonstrating the adequacy of the search, the agency "may rely upon affidavits . . . , as long as they are relatively detailed and nonconclusory and . . . submitted in good faith") (citations and quotation marks omitted). Because "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search," *Iturralde*, 315 F.3d at 315, the fact that a desired document is not located does not present a triable issue on the adequacy of an otherwise reasonably conducted search, *Boyd*, 475 F.3d at 391. Moreover, because an agency is obligated to produce only those records in its custody and control at the time of the FOIA request, *McGehee v. CIA*, 697 F.2d 1095, 1110 (D.C. Cir. 1983), the fact that responsive records may have been maintained by "[t]he Court . . . or the Probation Office," Pl.'s Aff. ¶ 14, is immaterial to the issues at hand.[4]

### IV.  CONCLUSION

For the reasons stated above, the Court concludes that no genuine issue exists with respect to defendant's satisfaction of its disclosure obligations under the FOIA and that defendant is entitled to judgment as a matter of law. A separate Order accompanies this Memorandum Opinion.

_____s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: July 20, 2009

---

[4] Courts and parts thereof, including probation offices, are excluded from the requirements of the FOIA. *See* 5 U.S.C. § 551 (defining agency).